**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMIAN LOPERA,<br><br>   Plaintiff,<br><br>v.<br><br>N.J. STATE PAROLE BOARD, et al.,<br><br>   Defendants. | Civil Action No. 22-4361 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's amended complaint (ECF No. 4.) Because Plaintiff was granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Due Process claim related to the imposition of a new special probation/parole term shall proceed at this time, and his remaining claims are dismissed without prejudice.

**I.   BACKGROUND**

Plaintiff is a state prisoner currently incarcerated due to a parole violation. (ECF No. 4 at 11.) On August 24, 2021, he reported to an appointment with his parole officer, Defendant Ruiz. (*Id.* at 8.) Ruiz subjected Plaintiff to a drug test pursuant to the terms of his release, which resulted in Plaintiff attempting to urinate for 90 minutes while Ruiz watched. (*Id.*) Plaintiff requested an

alternative oral drug test, which Ruiz refused, and was made to continue his efforts until he finally completed the urine test which returned a negative result. (*Id.* at 8-9.)

Following a conversation with Plaintiff's mother, with whom Plaintiff lived at the time, Ruiz presented Plaintiff with a "notice of imposition of special condition" which required Plaintiff to undergo mental health counseling as part of his parole terms. (*Id.* at 9.) Plaintiff contends that these additional terms, authored by Defendant Gahm and imposed by Ruiz, are essentially an unlawful ex post facto punishment added to his sentence without a hearing or oversight from his sentencing judge. (*Id.* at 9-10.) In his amended complaint, Plaintiff therefore seeks to raise claims in which he asserts that being subjected to the urine test and this special parole condition violated his constitutional rights. (*Id.* at 10-11.)

## II.     LEGAL STANDARD

Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed

factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his amended complaint, Plaintiff seeks to raise claims against Defendants Gahm and Ruiz under 42 U.S.C. §§ 1983, 1985, and 1986. Against Ruiz, Plaintiff seeks to raise claims that Ruiz violated his rights pursuant to § 1983 in imposing the special condition and requiring him to provide a urine sample, while he claims Gahm violated his rights in imposing the condition. Under § 1985, he asserts the two conspired to violate his rights with the special condition, and under § 1986 he alleges Gahm knew of the violations, and did not correct them.

In order to bring a claim under section 1985(3), the part of § 1985 applicable to claims regarding deprivations of rights, a plaintiff must plead facts indicating a conspiracy, for the

3

purpose of depriving a person or class of persons of equal protection, an act in furtherance of that conspiracy, and injury. *See Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006). An integral part of a claim under the statute is thus a conspiracy whose intent is "to deprive [a member of a protected class] of equal protection, or equal privileges and immunities [based on] some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* Absent an allegation of such discriminatory, class-based animus, no § 1985(3) claim is available. *Id.* As Plaintiff has failed to plead any such animus, his claims brought under § 1985(3) are deficient, and must be dismissed without prejudice as such. As a § 1986 claim will only be available where a plaintiff pleads an underlying violation of § 1985, Plaintiff's failure to plead a cognizable § 1985 claim renders his § 1986 claim deficient as well. *See, e.g., Whitehead v. Wetzel*, 720 F. App'x 657, 662 (3d Cir. 2017). Plaintiff's § 1985 and § 1986 claims are all therefore dismissed without prejudice.

Turning to Plaintiff's § 1983 claims, Plaintiff first contends Defendant Ruiz violated his rights by requiring him to complete a urine drug test, which Plaintiff asserts was an invasion of privacy and should have been replaced with an oral drug test. Those on probationary or parole supervision do not enjoy the absolute liberty and privacy interests of the ordinary citizen, but are instead entitled to conditional liberty interests governed by the terms of their parole restrictions. *Johnson v. Mondrosch*, 586 F. App'x 871, 874 (3d Cir. 2014) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). Probationers and parolees are therefore commonly subject to a number of conditions which will comport with the limited rights afforded them – such as drug tests, restrictions on houses, jobs, travel, or the like. *See, e.g., United States v. Knights*, 534 U.S. 112, 119 (2001) (probationers subject to reasonable conditions and have limited liberty interests); *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) (forms of supervised release such as probation are a "form of punishment" and may lawfully include restrictions on housing, drug use, or the like). Indeed, Plaintiff does not contend that he should not have been drug tested, but takes issue solely

4

with the form of the test and the requirement that he be observed during the test. This Court is aware of no caselaw establishing a right to choose the form of drug test administered, nor has Plaintiff presented any basis for finding the imposition of a urine test unconstitutional. Plaintiff has therefore failed to allege a plausible basis for a § 1983 claim in expressing his desire that he be subjected to alternative forms of drug testing.

In his final claim, Plaintiff alleges that he was improperly subjected to a new special restriction in the form of a requirement that he receive mental health treatment which he believes amounts to an ex post facto or other Due Process violation as that restriction was beyond that initially imposed at sentencing. As this Court perceives no basis for the dismissal of that claim at this time, that claim only shall be permitted to proceed against Defendants Ruiz and Gahm.[1]

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's drug test related claim is **DISMISSED WITHOUT PREJUDICE**; Plaintiff's §§ 1985 and 1986 claims are **DISMISSED WITHOUT PREJUDICE**; and Plaintiff's Due Process claim related to the imposition of a new special condition only shall proceed at this time. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[1] The Court notes that the imposition of this new term may well be within the authority given the officers in light of Plaintiff's sentence, but cannot so find on the basis of the allegations in the amended complaint, which is all this Court may consider at this time.

5