NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMIAN LOPERA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>N.J. STATE PAROLE BOARD, et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 22-4361 (KMW) (SAK)<br><br>OPINION |

**WILLIAMS, District Judge:**

This matter comes before the Court on Defendants' unopposed motion to dismiss the sole remaining claim in Plaintiff's amended complaint. (ECF No. 13.) For the following reasons, that motion is granted and Plaintiff's remaining claims are dismissed without prejudice.

I.   **BACKGROUND**

In the sole remaining claim in his amended complaint, Plaintiff alleges that, based on a conversation with his mother, with whom Plaintiff lived at the time, Defendants Ruiz and Gahm presented Plaintiff with a "notice of imposition of special condition" which required Plaintiff to undergo mental health counseling as part of his parole terms. (*Id.* at 9.) Plaintiff contends that these additional terms, authored by Defendant Gahm, the parole supervisor, and imposed by Ruiz, Plaintiff's parole officer, violate his right to Due Process as they were imposed after his sentence and without a new hearing. (*Id.* at 9-10.)

## II.     LEGAL STANDARD

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

Following this Court's screening of Plaintiff's amended complaint, only one claim remains in this matter – Plaintiff's claim that the imposition of a special parole term requiring he undergo special mental health treatment without a hearing violated his Due Process rights. Although this Court permitted that claim to proceed at screening, the Court noted that it was entirely possible that, based on information beyond the amended complaint, Defendants may well have had the authority to impose the conditions in question, but the Court could not evaluate that fact at screening. Defendants now contend that this is, indeed, the case, and contend that they are entitled to the dismissal of Plaintiff's claims as they had the authority to impose the condition on Plaintiff and Plaintiff has failed to show that his rights to Due Process have been violated.

Parolees such as Plaintiff do not "enjoy 'the absolute liberty to which every citizen is entitled, but only [a] conditional liberty properly dependent on observance of special parole restrictions.'" *Johnson v. Mondrosch*, 586 F. App'x 871, 874 (3d Cir. 2014) (quoting *Morrissey v. Brewer*, 408 U.S 471, 480 (1972)). Those limited rights are generally not violated by the lawful imposition of parole restrictions which limit where a parolee may travel, control where they reside, or require them to engage in certain activities. *Id.* Under New Jersey law, the parole board has the authority to initially set appropriate restrictions on a parolee when he is released on parole. *See* N.J. Stat. Ann. § 40:4-123.59. While parolees are all subject to general parole conditions, the Board may impose special restrictions, and has delegated that authority to parole supervisors who may impose "special conditions" where he has a "reasonable belief that such conditions would reduce the likelihood of recurrence of criminal behavior." *See* N.J.A.C. § 10A:71-6.4(h). The New Jersey regulations do not provide for a hearing prior to such an imposition, and instead require that notice be provided to the parolee and the board when the new condition is imposed, and that the condition is considered effective at the time of its imposition by the parole supervisor. *Id.*

3

Where a parolee seeks to have such a condition overturned, he may do so by applying to the appropriate parole board panel for a modification of his conditions of parole "at any time." *See* N.J.A.C. § 10A:71-6.6. The Board thereafter considers the request and issues its decision. *Id.*

Defendants argue that, as Plaintiff's parole officer and the responsible parole supervisor, they had the authority under state law to impose the special parole term, and Plaintiff's rights to Due Process were not impugned so long as he had access to procedural protections after the fact to contest the term. In his amended complaint, Plaintiff's Due Process claim was premised on the idea that the special condition was imposed "without a fair hearing." (*See* ECF No. 4 at 4, 9-10.) State law, however, does not provide for a hearing before a parole supervisory imposes a special condition based on his belief that such a condition will reduce the likelihood of further criminal conduct – instead the parolee may seek to have such a condition modified or removed after its imposition by applying to the parole board, a step Plaintiff does not allege he has taken or been denied the ability to undertake. As state law provided Defendants the authority to impose the condition, as state process remains available to Plaintiff which he may pursue, and as Plaintiff has failed to allege that he has been denied the ability to challenge the condition by applying to the parole board or that he has so applied, Plaintiff's parole related claim fails to show that he was denied Due Process. *See, e.g., Alvin v. Suzuki,* 227 F.3d 107, 116 (3d Cir. 2000) (plaintiff may not make out procedural Due Process claim where he has failed to avail himself of available processes provided by the state). Defendants' motion shall therefore be granted, and Plaintiff's parole term related Due Process claim shall be dismissed without prejudice.

4

## IV.     CONCLUSION

For the reasons expressed above, Defendants' unopposed motion (ECF No. 13) is **GRANTED** and Plaintiff's remaining claim related to the imposition of a special parole term is **DISMISSED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge